IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: OZEMPIC (SEMAGLUTIDE) PATENT LITIGATION | MDL NO. 22-MD-3038 (CFC) **ANDA CASE** |
| NOVO NORDISK INC. and NOVO NORDISK A/S, Plaintiffs, v. MYLAN PHARMACEUTICALS INC. Defendant. | C.A. No. 22-1040 (CFC) **ANDA CASE** |

## PROPOSED ORDER ADOPTING SCHEDULING ORDER, PROTECTIVE ORDER, AND ESI ORDER

WHEREAS this Action between Plaintiffs Novo Nordisk Inc. and Novo Nordisk A/S (collectively, "Novo Nordisk") and Defendant Mylan Pharmaceuticals Inc. ("MPI," and collectively with Novo Nordisk, the "Parties"), originally filed in the Northern District of West Virginia as Case No. 22-023-JPB, has been transferred to this District by the United States Judicial Panel on Multidistrict Litigation (22-023-JPB, D.I. 34 (N.D.W. Va.); 22-MD-3038-CFC, D.I. 29) as part of MDL No. 22-MD-3038-CFC and coordinated with C.A. Nos. 22-294-CFC, 22-296-CFC, 22-297-CFC, 22-298-CFC, and 22-299-CFC for pretrial proceedings;

WHEREAS C.A. Nos. 22-294-CFC, 22-296-CFC, 22-297-CFC, 22-298-CFC, and 22-299-CFC are consolidated into C.A. No. 22-294-CFC for all purposes (the "Consolidated Actions");

WHEREAS the Court entered a Scheduling Order governing the Consolidated Actions (the "Consolidated Scheduling Order") (C.A. No. 22-294-CFC, D.I. 22);

WHEREAS the Court entered a Protective Order governing the Consolidated Actions (the "Consolidated Protective Order") (C.A. No. 22-294-CFC, D.I. 50);

WHEREAS the Court entered an Order Regarding the Discovery of Electronically Stored Information governing the Consolidated Actions (the "Consolidated ESI Order") (C.A. No. 22-294-CFC, D.I. 51);

WHEREAS this Action will be transferred to the Northern District of West Virginia for trial and MPI seeks for the Parties to continue filing all documents pertaining to MPI on the docket sheet for C.A. No. 22-1040-CFC to facilitate future return of this Action to the Northern District of West Virginia;

IT IS HEREBY ORDERED that the Consolidated Scheduling Order, Consolidated Protective Order, and the Consolidated ESI Order shall govern this Action as if entered in this Action, with the below modifications:

1. <u>Scheduling Order</u>. *Case Consolidation and Caption Modification* (¶ 1). The above-captioned actions have been consolidated into the multi-district litigation C.A. No. 22-3038-CFC ("MDL") for pretrial proceedings. Because C.A. No. 22-

1040-CFC involving Defendant Mylan Pharmaceuticals Inc. ("MPI") will be transferred to the Northern District of West Virginia for trial, paragraphs 28-29 and 31-32 of the Consolidated Scheduling Order, pertaining to pretrial submissions, trial, and post-trial briefing, shall not be applicable to MPI. The Caption of C.A. No. 22-1040-CFC shall be modified to include the words "ANDA CASE" immediately below the Civil Action Number.

Any papers relating to Defendant MPI, whether relating to MPI alone or in combination with any or all of the other Defendants in the MDL shall be filed on the MDL docket and on the docket sheet for C.A. No. 22-1040-CFC.

2.  ESI Order. *Native Format* (Section V.B.). The Parties generally agree to produce documents as TIFF images, rather than in native format. However, the Parties agree to produce spreadsheets (including Microsoft Excel files) in native format. If Microsoft Excel files require redactions, the Parties may produce such spreadsheets as images or in a modified native format; if the latter, the redactions will be clearly designated or identified. The Parties may produce presentations (including Microsoft PowerPoint files) in native format. If a Microsoft Power Point file requires redactions, it will be produced as TIFF images, and not natively. For any presentation (including Microsoft Power Point files) that is produced as TIFF images, such images will be produced in color and include any speaker notes. Notwithstanding the foregoing, the Parties reserve the right to request, on a

document-by-document basis, production in native format, provided showing of a particularized and reasonable need *(e.g.,* to conduct statistical analysis of raw data that is only reasonably accessible in native format; illegibility of the document in image format; or poor usability of the document in image format). For avoidance of doubt, Novo Nordisk will produce documents as provided for in the Consolidated ESI Order. Nothing in this Proposed Order will require Novo Nordisk to make separate, additional productions in a different format for MPI.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | STAMOULIS & WEINBLATT LLC |
|---|---|
| */s/ Brian P. Egan* | */s/ Stamatios Stamoulis* |
| Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>Travis Murray (#6882)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>began@morrisnichols.com<br>tmurray@morrisnichols.com<br>*Attorneys for Novo Nordisk Inc. and Novo Nordisk A/S* | Stamatios Stamoulis (#4606)<br>Richard C. Weinblatt (#5080)<br>800 N. West Street, Third Floor<br>Wilmington, DE 19801<br>(302) 999-1540<br>stamoulis@swdelaw.com<br>weinblatt@swdelaw.com<br><br>*Attorneys for Defendant Mylan Pharmaceuticals Inc.* |

SO ORDERED this ____ day of _____, 2022.

_____
The Honorable Colm F. Connolly
Chief, Unites States District Court Judge